## Giovanni Battesta Solda, Plaintiff in Error, v. Joseph Hanreddy, Defendant in Error.

### Gen. No. 21,533.   (Not to be reported in full.)

Error to the Circuit Court of Cook county; the Hon. KICKHAM, SCANLAN, Judge, presiding. Heard in this court at the October term, 1915. Affirmed. Opinion filed May 1, 1916. Petition for *certiorari* dismissed.

### Statement of the Case.

Action by Giovanni Battesta Solda, plaintiff, against Joseph Hanreddy, defendant, to recover for personal injuries alleged to have been caused plaintiff by defendant's negligence. To reverse a judgment on à directed verdict for defendant, plaintiff prosecutes this writ of error.

The evidence showed that defendant was constructing a tunnel called the "Hanreddy tunnel" under State street south from Seventy-ninth street. The Parker-Washington Company had constructed a tunnel called the "Parker-Washington tunnel" from the north to Seventy-ninth street, which was separated from the Hanreddy tunnel by a narrow ledge of rock called "the connection," which it was intended to blow out. On the morning of the accident Powers was defendant's superintendent, Hacker was his foreman, and Valortigera, called "Jim," was drilling boss. Plaintiff was his helper and his brother Joe worked with him running a drill. Samuels was city engineer. Harrigan was assistant city engineer and all the work on the Hanreddy tunnel was done under his direction and supervision.

The negligence alleged was based on the allegation that there was an accumulation of gas in the Parker-Washington tunnel; that the defendant knew, or by the exercise of ordinary care might have known, that an accumulation of gas was dangerous and liable to pro-

Solda v. Hanreddy, 199 Ill. App. 366.

duce the injury complained of when the opening was made between the two tunnels; that the plaintiff himself did not know and did not have equal opportunity with the master of knowing these circumstances; that the accident resulted from the explosion of gas accumulated in the Parker-Washington tunnel.

The accident occurred on the morning of October 30, 1908. The night before Harrigan told defendant's employees that there was water between the bulkhead in the Parker-Washington tunnel and "the connection" and that they should look out for the water when the connection was broken through. On the morning of the accident the men went to work as usual. Usually twenty-two holes were drilled and blasted every morning. First, six holes would be drilled at points in a circle near the middle of the face of the tunnel wall, all slanted, so that the inner points of the holes would be very close together, to force the debris out into the tunnel. Other holes were placed on each side of the first six holes, and all would be drilled before any shot was made. Dynamite was put in only part of the holes at one time. Sometimes a shot would blow out a hole and sometimes not. It was the duty of the drill boss to go in after each blast and see the effect of the shot, and his helper would go with him. After the drilling and before the shot would be fired they would go back about four hundred feet from the face of the tunnel, where there was a switch in electric wires, by which the dynamite was exploded. They would hear the noise of the dynamite as it exploded, but they could not tell whether the rock had been thrown out. After waiting a few minutes until the smoke and dust were forced back from the wall by compressed air, they would go into the face and see if the shot had taken effect, carrying dynamite with them, and if it had taken effect they would dynamite the helping holes. If it had not taken effect they would put more dynamite in the same holes that had been shot and again go back to the electric switch and explode the dynamite.

On the morning in question the wires were connected, the men went back to the switch, turned on the current and waited about half an hour for the water which they expected to come through the hole they thought would be made when the dynamite was exploded. When the water did not come for half an hour, they started to go to the face of the tunnel. Hacker walked in front, plaintiff second, and the drill boss third. Hacker, as usual, took a lighted torch with him. The plaintiff, as usual, carried with him a box of dynamite for the purpose of loading the helping holes in case the shot had not taken effect. When Hacker got within a few feet of "the connection" he saw that the shot had taken effect, and turned and so told plaintiff and the drill boss. Just then an explosion occurred. At the time of the explosion plaintiff dropped the dynamite he was carrying and started to run. He testified that when he dropped the dynamite it exploded and knocked him down.. The fire filled the tunnel to the point where he was and set his clothes on fire.

HYDE, WESTBROOK & WATSON, for plaintiff in error.

RYAN, CONDON & LIVINGSTON, for defendant in error.

MR. JUSTICE BAKER delivered the opinion of the court.

### Abstract of the Decision.

1. MASTER AND SERVANT, § 683*—*what proof essential in action for injury by explosion in tunnel.* In an action by an employee to recover for personal injuries alleged to have been caused by the accumulation of inflammable gas in dangerous quantities in a tunnel connecting with the one in which plaintiff was working and by failure of defendant to warn him thereof, in order to show negligence it is incumbent on plaintiff to prove that there was inflammable gas in dangerous quantities accumulated in such connecting

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

tunnel and that defendant knew or by the exercise of ordinary care should have known of the presence of the gas and that it was capable of producing injury, and that plaintiff did not know and did not have equal opportunity with defendant of knowing thereof at the time of the injury.

2. EVIDENCE, § 466*—*when circumstantial evidence insufficient.* When circumstantial evidence is relied on to prove a fact, the circumstances must be proved and not themselves presumed.

3. EVIDENCE, § 23*—*when one presumption not basis for another,* A presumption of fact is not alone a legitimate foundation for a second presumption of fact.

4. MASTER AND SERVANT, § 683*—*when evidence insufficient to support a verdict.* In an action by a servant for personal injuries, evidence examined and *held* insufficient to support a verdict for plaintiff.